UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANCES DARLENE BACA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 22-2659 (UNA) |
| ) | |
| CPI/GV CRESTVIEW ESTATES ) | |
| OWNER, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. The Court will grant the application, and for the reasons discussed below, will dismiss the complaint without prejudice.

Plaintiff, a resident of Hesperia, California, states that she is the personal representative of the estate of Joseph F. St. Jean, Jr., who resided in Crestwood Estates, a mobile home park for senior citizens in Fallbrook, California. *See* Compl. at 1-2. She alleges that defendants fraudulently obtained title to Mr. St. Jean's property in December 2018, and prior to Mr. St. Jean's death in September 2019, took possession of Mr. St. Jean's personal property, including antiques and collectibles. *See id.* at 3. For defendants' alleged conversion of property, plaintiff demands actual damages of $750,000, plus punitive damages due to defendant's alleged "filing [of] a defective Grant Deed . . . claiming . . . property ownership of Crestwood Estates, with the intent of carrying out multiple frauds upon Crestview Estates' elderly tenants." *Id.*

1

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and the Court must dismiss an action if it determines that subject matter jurisdiction is wanting, *see* Fed. R. Civ. P. 12(h)(3).

Here, plaintiff relies on diversity of citizenship as the basis for the Court's jurisdiction. *See* Compl. at 1. Although defendants CPI/GV Crestview Estates Owner, LLC and Daniel A. D'Aniello appear to reside or conduct business in the District of Columbia and Virginia, respectively, the remaining defendant, Crestview Mobile Home Estates, LLC, is incorporated under the laws of California and has its principle place of business there. *See* Compl. at 1-2. In this circumstance, where plaintiff and Crestview Mobile Home Estates, LLC both are citizens of California, plaintiff does not demonstrate complete diversity. "When a Court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete diversity does not exist, the Court must dismiss the suit." *Bush*, 521 F. Supp. 2d at 71 (citing *Fox v. Bd. of Trustees of the State Univ. of N. Y.*, 42 F.3d 135, 140 (2d Cir.1994)) (additional citation omitted); *see Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332.").

Accordingly, the Court will dismiss the complaint and this civil action without prejudice for lack of subject matter jurisdiction. An Order is issued separately.

DATE: September 20, 2022

_____
JIA M. COBB
United States District Judge